# NOTE

LOAN #: [redacted]
MIN: [redacted]

**October 21, 2016**             **NORFOLK,**                                    Virginia
[Date]                           [City]                                          [State]

**1551 Spruce St, Norfolk, VA 23502**
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$106,790.00**      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Ditech Financial LLC.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **4.750 %.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st**       day of each month beginning on **December 1, 2016.**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **November 1, 2046,**           I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 7169**
**Pasadena, CA 91109-7169**

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$557.07.**

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15**          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

Initials: _YKK_

VIRGINIA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3247 1/01
Ellie Mae, Inc.                       Page 1 of 2                         F3200VAN  0414
                                                                          F3200VAN (CLS)
                                                                          10/11/2016 06:44 PM PST

**LOAN #** ███

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____/s/ Yuko Kimura-Koenig_____(Seal)
**YUKO KIMURA-KOENIG**

This is to certify that this is the Note described in and secured by a Deed of Trust dated October 21, 2016, on the Property located in Norfolk City County, Virginia.

**My Commission Expires:** _____

_____
**Notary Public**

**Pay to the order of**

**Lender: Ditech Financial LLC**
**NMLS ID:** ███
**Loan Originator: Mark William Hammer**
**NMLS ID:** ███

**Without Recourse**

_/s/ Charlene Wright_
**Charlene Wright**
**Authorized Signor**
**Ditech Financial LLC**

**[Sign Original Only]**

**Initials:** YKK

VIRGINIA FIXED RATE NOTE-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**    Form 3247 1/01
Ellie Mae, Inc.    Page 2 of 2    F3200VAN    0414
F3200VAN (CLS)
10/11/2016 06:44 PM PST

## ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF: Virginia

COUNTY OF: Virginia Beach

On this 21 day of October 2016, before me, Andrea Barrett, a Notary Public, personally appeared Yuko Kimura-Koenig

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal:   (Seal)

Signature: Andrea Barrett
Printed Name: Andrea Barrett
My commission expires: 8/31/19

Andrea Barrett
Notary Public 7632109
State of Virginia
My Commission Expires August 31, 2019

Description of attached document:

Title or type of document: Note

Document date: 10/21/16   Number of pages: 2

Signers other than the names above: _____

| Document Folder | ■ |
|---|---|
| Client | Ditech |
| Project | Ditech - Consumer |
| Loan Type | Conventional |
| Document Type | MTGR |
| Loan Number | ■ |
| Borrower | Yuko Kimura-Koenig |
| Loan Amount | $106,790.00 |
| Jurisdiction | Norfolk (city), VA |
| Address | 1551 Spruce St |
| Organization | ADVANCED TITLE INSURANCE AGENCY LC |
| Closing Date | 10/21/2016 |
| Trigger Date | 10/25/2016 |
| Received Date | 12/20/2016 |
| Investor | |



MTGR



*First American Title Company*

# Electronically Recorded Document

## Ref 1



The attached document was recorded on your behalf by First American Title Company via our electronic recording process.

We are returning your original document along with this cover page that includes the post-recording information at the bottom. To view a full image of the post-recorded document, please visit our website at www.lendersadvantage.com.

Thank you for allowing First American Title Company to record your documents.



**Recorded Date/Time:** *12/16/2016 1:01 PM*
**Instrument Number:** *160027241*
**Book:**
**Page:**

**County/State:** *Norfolk City/VA*
**Borrower:** *YUKO KIMURA-KOENIG*
**Document Type:** *TRUST REFI*
**Document Seq:** *1*

### Do not detach. This page is now a permanent part of this document.

Please visit *www.famortgageservices.com* to view the entire Recorded document

1100 Superior Ave
Cleveland, OH 44114
**TEL:** (216) 241-1278
**TOLL:** (800) 221-8683
<http://www.famortgageservices.com>

# VIRGINIA LAND RECORD COVER SHEET
## FORM A – COVER SHEET CONTENT

Instrument Date: 10/21/2016
Instrument Type: RFDT
Number of Parcels: 1       Number of Pages: 15
[X] City [ ] County
NORFOLK

TAX EXEMPT?           VIRGINIA/FEDERAL LAW
[ ] Grantor:
[ ] Grantee:
Consideration:        $106,790.00
Existing Debt:        $0.00
Actual Value/Assumed: $0.00

PRIOR INSTRUMENT UNDER § 58.1-803(D):
  Original Principal:       $125,000.00
  Fair Market Value Increase:    $0.00         *(Area Above Reserved For Deed Stamp Only)*
  Original Book Number:    Original Page Number:    Original Instrument Number: 050025690

Prior Recording At: [ ] City [ ] County
                                              Percentage In This Jurisdiction: 100%

BUSINESS / NAME
1   [ ] Grantor:  KIMURA-KOENIG, YUKO
    [ ] Grantor:
1   [X] Grantee:  DITECH FINANCIAL LLC
    [ ] Grantee:

GRANTEE ADDRESS
Name: DITECH FINANCIAL LLC
Address: 3000 BAYPORT DR SUITE 880
City: TAMPA                              State: FL   Zip Code: 33607
Book Number:         Page Number:         Instrument Number:
Parcel Identification Number (PIN): ▇▇▇   Tax Map Number: ▇▇▇
Short Property Description: LOTS 48, 49, 50, IN BLOCK 12, AS SHOWN
                            ON THAT CERTAIN PLAT ENTITLED, PLAT OF EAST
Current Property Address: 1551 SPRUCE ST
City: NORFOLK                            State: VA   Zip Code: 23502
Instrument Prepared By: SHELBI FARRELL    Recording Paid By: FIRST AMERICAN
Recording Returned To: FIRST AMERICAN TITLE
Address: 1500 SOLANA BLVD BLDG 6
City: WESTLAKE                           State: TX   Zip Code: 76262